## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<u>NOT FOR PUBLICATION</u>

|  |  |
|---|---|
| WESCO INSURANCE COMPANY, | **Civil Action No. 16-2106 (SRC)** |
| Plaintiff, | |
| v. | **OPINION** |
| MICHAEL S. SHUHALA, ESQ., LAW OFFICES OF MICHAEL S. SHUHALA, LLC, TRICOMITIS, INC., d/b/a EL GRECO CONSTRUCTION, NICKOLAOS POLEMIS and SOTERIS CONSTANTINOU | |
| Defendants. | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court upon the motion of Defendants Michael S. Shuhala, Esq. ("Shuhala") and the Law Offices of Michael S. Shuhala, LLC, (collectively, the "Shuhala Defendants") to vacate an entry of default as to them, pursuant to Federal Rule of Civil Procedure 55(c). (Doc. No. 12.) Plaintiff Wesco Insurance Company ("Plaintiff") opposes the motion. (Doc. No. 15.) The Court has reviewed the parties' submissions and proceeds to rule without oral argument. <u>See</u> Fed. R. Civ. P. 78(b). For the reasons stated herein, the Shuhala Defendants' motion will be granted.

## I.  BACKGROUND

Shuhala is a citizen of New Jersey and an attorney licensed to practice in New Jersey. In August 2014, Shuhala obtained a policy for legal professional liability insurance from Plaintiff (the "Wesco Policy"), which had a coverage period from August 2014 to August 2015.

Subsequently, in April 2015, Defendants Tricomitis, Inc. d/b/a El Greco Construction, Nickolaos Polemis, and Soteris Constantinou (collectively, the "Tricomitis Defendants") brought suit against the Shuhala Defendants in the Superior Court of New Jersey, seeking damages for legal malpractice and breach of fiduciary duty (the "State Court Action") arising from Shuhala's allegedly negligent representation of the Tricomitis Defendants in a prior New Jersey State action (the "Underlying Action").

Plaintiff commenced the instant action in April 2016, seeking a declaration that it has no duty to defend or indemnify the Shuhala Defendants in connection with the State Court Action. (Doc. No. 1, Compl, ¶¶ 1, 39; Doc. No. 4, Amended Compl., ¶¶ 1, 39.)  In the alternative, Plaintiff seeks a declaration that it is entitled to rescind the Wesco policy. (Amended Compl., ¶¶ 41-43.)  On July 18, 2016, the Shuhala Defendants returned a waiver of service of summons as to them, pursuant to Federal Rule of Civil Procedure 4(d).  (Doc. No. 9.)  Thereafter, the Shuhala Defendants failed to plead or otherwise defend within the time permitted under Fed. R. Civ. P. (4)(d)(3), and default as to them was entered on October 17, 2016.  They now move to vacate that entry of default pursuant to Rule 55(c).

## II.    LEGAL STANDARD

Under Rule 55(c), "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c).  In determining whether good cause exists, courts are instructed to consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." Doe v. Hesketh, 828 F.3d 159, 175 (3d Cir. 2016) (alterations in original) (quoting United States v. $ 55,518.05 in U.S. Currency, 728 F.2d 192, 1995 (3d Cir. 1984)).  An application to set aside an entry of default should be viewed with "liberality[,]'" rather than

"strictness[,]" see Medunic v. Lederer, 533 F.2d 891, 893 (3d Cir.1976) (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)), and "doubtful cases [are] to be resolved in favor of the party moving to set aside the default . . . 'so that cases may be decided on their merits.'" Id. (quoting Tozer, 189 F.2d at 244). Whether an entry of default should be vacated is left to the sound discretion of the district court. Tozer, 189 F.2d at 244.

## III.   DISCUSSION

In the present case, the foregoing factors weigh in favor of setting aside entry of default. First, there has been no showing by Plaintiff that it would be prejudiced by the vacating of an entry of default against the Shuhala Defendants. Prejudice is established when a plaintiff's "'ability to pursue the claim has been hindered . . . . [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance" upon, in this case, the entry of default. Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 524 (3d Cir. 2006) (alterations in original) (quoting Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-57 (3d Cir.1982)). Mere "[d]elay in realizing the satisfaction on a claim rarely serves to establish . . . prejudice" to the non-movant plaintiff. Feliciano, 691 F.2d at 657. Here, Plaintiff has neither asserted nor attempted to show that its ability to pursue this declaratory action has been hindered in any way—for example, by the loss of evidence or by its reliance on the entry of default—such that it would be prejudiced by having to pursue that action now.

Second, the record before the Court indicates that the Shuhala Defendants' default was not the result of culpable conduct on their part. A defendant's conduct in failing to defend an action is culpable if that defendant acts "willfullly or in bad faith." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983). Thus, "the . . . standard requires that as a threshold matter more than mere negligence be demonstrated." Hritz v. Woma Corp., 732 F.2d 1178, 1183

(3d Cir. 1984).  In the present case, as counsel for the Shuhala Defendants certifies, the Shuhala Defendants' failure to file an answer was due solely to counsel's failure to properly use the electronic filing system through which documents are submitted to the Court.  (Doc. No. 12-1, Certification of Joseph H. Cerame, Esq. ("Cert. of Cerame"), ¶¶ 9-12.)  Plaintiff does not appear to contend that the default was the result of defendants' culpable conduct, and it "acknowledges the difficulties that Shuhala's counsel[] encountered with the ECF system."  (Doc. No. 15, Plaintiff's Response to Shuhala Defendants' Motion to Vacate Clerk's Default ("Pl. Opp'n"), at 3.)

Third, the Shuhala Defendants' answer to Plaintiff's complaint is sufficient to support a meritorious defense in this action.  A meritorious defense is shown "when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" $55,518.05 in U.S. Currency, 728 F.2d at 195; see World Entm't Inc. v. Brown, 487 F. App'x 758, 761 (3d Cir. 2012).  This answer must allege "specific facts beyond simple denials or conclusionary statements." $55,518.05 in U.S. Currency, 728 F.2d at 195.  In this case, the crux of Plaintiff's complaint appears to be that, at the time that Shuhala obtained the Wesco policy, Shuhala knew or could have reasonably foreseen that his services to the Tricomitis Defendants in the Underlying Action might be expected to be the basis of an action against him.  (Amended Compl., ¶¶ 36-37.)  Therefore, the complaint alleges, any damages awarded in the State Court Action are not covered under the terms of the Wesco policy.  (Amended Compl., ¶ 38.)  The complaint also alleges that Shuhala falsely misrepresented that he was unaware of an incident that might result in a professional liability claim against him, as the Underlying Action was precisely such an incident. (Amended Compl., ¶¶ 41-43.)  On this basis, the complaint seeks, in

the alternative, a declaration that Plaintiff may rescind the Wesco policy.  (Amended Compl., ¶ 44.)

In their answer, the Shuhala Defendants provide specific factual allegations which, if true, would permit them to prevail at trial on each of these claims.  The Answer alleges that Shuhala did not know and could not reasonably have foreseen that his services in the Underlying Action might be expected to be the basis of an action against him, for two reasons: either (1) his conduct in that litigation was appropriate or (2) applicable circumstances at the time removed liability from him.  (Doc. No. 16, Certification of Joseph H. Cerame on behalf of Defendants, Shuhala and improperly impleaded [sic] Law Offices of Michael S. Shuhala ("Reply Cert."), ¶ 34.)  Among other things, the Answer alleges that (1) Shuhala did not represent one of the Tricomitis Defendants, Mr. Polemis, in the Underlying Action; that (2) Shuhala properly fulfilled his obligations with regard to producing written discovery requested from the Tricomitis Defendants in the Underlying Action; and that (3) Shuhala appeared at a proof hearing for default judgment in the Underlying Action and presented defenses available to the Tricomitis Defendants at that time.  (Doc. No. 13, Shuhala Answer to Amended Complaint, ¶¶ 26, 28.)  On the basis of these same allegations, the Shuhala Defendants claim that Shuhala did not misrepresent the nature of any incidents that might result in a professional liability claim against him. (Reply Cert., ¶ 37.)  If true, these allegations would support a complete defense against Plaintiff's declaratory claims.  Therefore, the Court finds that the Shuhala Defendants have a meritorious defense, at least for the purposes of this motion to vacate entry of default against them.

**III.    CONCLUSION**

In sum, each of the above factors favors setting aside entry of default.  The Court therefore finds that good cause for vacating entry of default has been shown.  Accordingly, for the foregoing reasons, the Shuhala Defendants' motion is GRANTED.  An appropriate order shall issue.


            /s Stanley R. Chesler
            STANLEY R. CHESLER
            United States District Judge


Dated: January 23, 2017